## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jul 17 2019, 10:53 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Mark D. Altenhof
Elkhart County Public Defender's Office
Elkhart, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Samantha M. Sumcad
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Todd S. Fruth,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | July 17, 2019<br><br>Court of Appeals Case No.<br>19A-CR-347<br><br>Appeal from the<br>Elkhart Superior Court<br><br>The Honorable<br>Kristine A. Osterday, Judge<br><br>Trial Court Cause No.<br>20D01-1707-F6-967 |

**Kirsch, Judge.**

[1] Todd S. Fruth ("Fruth") was convicted after a bench trial of domestic battery committed in the presence of a child less than sixteen years of age.[1] On appeal, Fruth raises the following issues:

I.  Whether the State presented sufficient evidence to support the conviction; and

II.  Whether the State disproved Fruth's claim of self-defense.

[2] We affirm.

## Facts and Procedural History

[3] On July 2017, Fruth and his wife of eleven years, Amanda Fruth ("Amanda"), were preparing dinner for their seven children. *Tr.* at 72. Fruth was exhausted by the long day of yard work, and Amanda was recovering from a recent miscarriage. *Id.* at 75. Amanda and Fruth had argued throughout the day. *Id.* at 72.

[4] As they were preparing dinner, their argument escalated. *Id.* at 73. All seven children were in the living room down the hall from the kitchen. *Id.* at 93. Amanda and Fruth's oldest daughter, M.F., and another child came into the kitchen and asked their parents to stop arguing, but they did not. *Id.* at 74. The argument became heated, and Fruth was no longer making eye contact with Amanda. *Id.* at 77-78. Amanda took Fruth's phone from him in an attempt to

---

[1] *See* Ind. Code § 35-42-2-1.3.

get his attention. *Id.* at 78. The couple continued to argue, and this angered Fruth even more. *Id.* at 73. After a few minutes, Fruth shoved Amanda, who then fell on the kitchen counter. *Id.* at 73, 85. *Id.* at 85. M.F. later testified that she heard her parents arguing and saw her mom fall. *Id.* at 95.

[5] After the altercation, police were notified and arrived at the Fruth home. *Id.* at 15. Officer Brandon Stevens of the Elkhart City Police Department noticed red marks on Amanda's shoulder blade, knees, and upper arms. *Id.* at 17-18, 27-28. Officer Stevens did not notice any marks on Fruth. *Appellant's App. Vol. II* at 39. Fruth was arrested and charged with domestic battery committed in the presence of a child less than sixteen years of age. *Id.* at 29-30.

[6] On October 19, 2018, a bench trial was held. *Appellant's App. Vol. II* at 34. At the conclusion of the trial, Fruth was found guilty as charged. *Id.* at 17. On January 11, 2019, the trial judge sentenced Fruth to 361 days on probation. *Id.* Fruth now appeals his conviction.

## Discussion and Decision

## I.    Sufficiency of Evidence

[7] When we review the sufficiency of the evidence, we do not determine the credibility of witnesses or reweigh the evidence. *Boggs v. State*, 928 N.E.2d 855, 864 (Ind. Ct. App. 2010), *trans. denied.* We consider only the evidence most favorable to the verdict and the reasonable inferences that can be drawn from this evidence. *Fuentes v. State*, 10 N.E. 3d 68, 75 (Ind. Ct. App. 2014), *trans. denied.* We will not disturb the jury's verdict if there is substantial evidence of

probative value to support it. *Id.* Circumstantial evidence can sustain a conviction. *Baltimore v. State*, 878 N.E.2d 253, 258 (Ind. Ct. App. 2007), *trans. denied.* Circumstantial evidence does not need to exclude every reasonable hypothesis of innocence and can sustain a conviction if an inference may reasonably be drawn from the evidence to support the judgment. *Id.* We will affirm unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt. *Delagrange v. State*, 5 N.E.3d 354, 356 (Ind. 2014).

[8] To support a conviction for Level 6 felony domestic battery committed in the presence of a child less than 16 years of age, the State must prove that Fruth knowingly or intentionally touched a family member in a rude, insolent, or angry manner and that Fruth knew the child was present and "might be able to see or hear the offense." Ind. Code § 35-42-2-1.3(a)(1). "It is sufficient that the child *might* see or hear the battery." *Manuel v. State*, 971 N.E.2d 1262, 1270 (Ind. Ct. App. 2012) (emphasis in original). Presence has been defined as "knowingly being within either the possible sight or *hearing* of a child." *True v. State*, 954 N.E.2d 1105, 1111 (Ind. Ct. App. 2011). A child does not necessarily have to see the battery, there needs to only be the "possibility that they might see or hear it." *Id.*

[9] In challenging the sufficiency of evidence, Fruth does not contend there is insufficient evidence that he shoved Amanda but only that he did not shove Amanda within the presence of M.F. Specifically, Fruth argues that the State

failed to prove that M.F was able to see or hear the battery because the State did not prove M.F.'s location at the specific moment the battery occurred

[10]     Here, a rational fact-finder could find beyond a reasonable doubt that Fruth committed battery in the presence of a child less than sixteen years of age. The evidence most favorable to the verdict established that M.F. was aware that her parents were arguing and noted that the argument had become "abusive." *Tr.* at 94. Fruth does not argue that he did not shove Amanda, he only argues that M.F.'s location was not proven by the State. However, M.F. testified that she saw her mom fall on the counter despite not seeing the actual battery itself. *Id.* at 95. Further, Fruth knew the children were present because M.F. and another child had asked Fruth and Amanda to stop arguing. *Id.* at 74. M.F. could have heard the battery and Fruth knew the children were present, and this is sufficient to support the conviction.

## II.     Rebutting Fruth's Claim of Self-Defense

[11]     The standard for reviewing a challenge to the sufficiency of evidence to rebut a self-defense claim is the same standard for a claim of insufficient evidence. *Ervin v. State*, 114 N.E. 888, 895 (Ind. Ct. App. 2018), *trans. denied*. We neither reweigh the evidence nor judge the credibility of the witnesses. *Id.* We consider only the probative evidence and reasonable inferences supporting the trial court's decision. *Id.* We will affirm a conviction if there is substantial evidence of probative value such that a reasonable trier of fact could have concluded the defendant was guilty beyond a reasonable doubt. *Id.*

[12] Indiana's self-defense statute provides:

> A person: (1) is justified in using reasonable force, including deadly force, against any other person; and (2) does not have a duty to retreat; if the person reasonably believes that the force is necessary to prevent serious bodily injury to the person or a third person on the commission of a forcible felony. No person in this state shall be placed in legal jeopardy of any kind whatsoever for protecting the person or a third person by reasonable means necessary.

Ind. Code § 35-41-3-2(c).

> To prevail on such claims, a defendant must show he: (1) was in a place where he had a right to be; (2) did not provoke, instigate, or participate willingly in the violence; and (3) had a reasonable fear of death or great bodily harm. When a claim of self-defense is raised and finds support in the evidence, the State bears the burden of negating at least one of the necessary elements.

*Ervin*, 114 N.E.3d at 896 (internal citations omitted). To disprove a claim of self-defense, the State must negate at least one of the required elements. *King v. State*, 61 N.E.3d 1275, 1283 (Ind. Ct. App. 2016), *trans. denied*.

[13] Fruth contends that the State failed to disprove his self-defense claim. He claims that Amanda was the aggressor and points to Amanda's act of grabbing his phone as the initial act of violence. *Appellant's Br.* at 12. Fruth further argues that, because Amanda was the initial aggressor, he instinctively shoved her as a defensive measure. *Id.* at 13.

[14] Here, the State rebutted Fruth's claim of self-defense by showing that Fruth did provoke, instigate, or participated willingly in the violence and did not have a reasonable fear of death or great bodily harm. The State introduced testimony that Fruth shoved Amanda during a heated argument. *Tr.* at 85. The act of shoving his wife could lead a reasonable fact-finder to conclude that Fruth provoked or instigated the violence. Although Amanda was the first to act, grabbing a phone does not constitute provocation. Fruth did not shove Amanda until minutes after Amanda grabbed his phone. Fruth responded to Amanda with more force than necessary. Second, the State introduced evidence that Fruth did not have a reasonable fear of death or great bodily harm. *Id.* at 110. Fruth claims that he shoved Amanda because she hit his blood glucose monitor; however, Fruth did not shove his wife until many moments after Amanda possibly hit his monitor. Even if Amanda did accidently hit Fruth's glucose monitor, her actions are still not considered to cause a reasonable fear of great bodily harm or death. The act of taking Fruth's phone was not a violent act. Thus, Fruth did not have a reasonable fear of death or great bodily harm. Therefore, the State rebutted Fruth's claim of self-defense.

[15] M.F.'s testimony established sufficient evidence to support the conviction of domestic battery in the presence of a child less than sixteen years of age. M.F. saw the effect of the battery and was able to hear the exchange. Furthermore, Fruth's claim of self-defense must fail as the State proved that Fruth was not in fear of death or great bodily harm and that Fruth provoked or willingly participated in the violence.

[16] Affirmed.

Vaidik, C.J., and Altice, J., concur.